**BERSOFF et al. v. DONALDSON,**
Postmaster General.

No. 9720.

United States Court of Appeals
District of Columbia Circuit.
Argued Nov. 17, 1948.
Decided Jan. 3, 1949.

Mr. John T. Bonner, of Washington, D. C., for appellants.

Mr. John D. Lane, of Washington, D. C., for appellee.

Messrs. George Morris Fay, United States Attorney, and Oliver Dibble, Sidney S. Sachs, and James C. McKay, Assistant United States Attorneys, all of Washington, D. C., were on the brief for appellee.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

This is an appeal from a summary judgment of the District Court against appellants (plaintiffs below) who sued to enjoin appellee from enforcing a fraud order issued under Title 39, Sections 259 and 732 of the United States Code Annotated.

The order was based upon a finding that appellants were conducting a scheme for obtaining money through the mails by means of false and fraudulent pretenses and representations in the sale of finger rings.

While the matter was pending in the Post Office Department, a hearing was held before a trial examiner. Appellants were served with a copy of the charges and a notice to appear and show cause why a fraud order should not issue. They filed an answer; attended with counsel; cross-examined witnesses; gave evidence in their own behalf; presented argument upon the facts and law and were allowed time to file a brief, which they did. Later, the examiner made findings and recommendations to the Postmaster General. They were approved by the solicitor for the Department; then went to the Postmaster General, who issued the order, reciting that

it appeared "upon evidence satisfactory to him" that appellants were conducting a scheme for obtaining money through the mails by false and fraudulent pretenses, etc.

Appellants were not informed of the findings and recommendations of the examiner until the fraud order issued, which forms the basis of their contention that they were deprived of due process of law in that no opportunity was afforded them to file exceptions, supported by reasons, to the recommended decision of the examiner, as provided by the Administrative Procedure Act, Section 8(b), 5 U.S.C.A. § 1007(b). We disagree with this contention. In our opinion these provisions of the Act do not apply to mail fraud orders as Section 5, 5 U.S.C.A. § 1004, thereof confines the prescribed procedure to cases of adjudication *"required by statute* to be determined on the record after opportunity for an agency hearing."[1] The fraud order statutes do not in terms require a hearing. Therefore, we think, they do not come within the scope of the procedural provisions of the Administrative Procedure Act. This conclusion is supported by the Act's legislative history. Senate Document 248, 79th Cong., 2nd Sess.(1945), pp. 21, 248, 315, 359; Senate Report No. 752, 79th Cong., 1st Sess.(1945); House Report No. 1980, 79th Cong., 2nd Sess.(1945). See also Attorney General's Manual on the Administrative Procedure Act (1947), p. 41.

We think the contention that the order was without support of substantial evidence and arbitrary is without merit. The advertisements as a whole, with the pictured rings as a part, would, in our opinion, most probably lead the ordinary mind to the belief that the rings contained genuine diamonds so cut or polished as to produce sparkle and brilliance, whereas in fact they were rough industrial diamonds not commonly used in jewelry. "Questions of fraud may be determined in the light of the effect advertisements would most probably produce on ordinary minds. * * * People have a right to assume that fraudulent advertising traps will not be laid to ensnare them. 'Laws are made to protect the trusting as well as the suspicious.'" Donaldson v. Read Magazine, 1948, 333 U.S. 178, 189, 68 S.Ct. 591, 597, and cases cited.

The judgment is

Affirmed.

---

[1] Italics supplied.