**DOOR v. DONALDSON, Postmaster General.**

No. 10904.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 17, 1951.

Decided Jan. 31, 1952.

See also, 89 U.S.App.D.C. ——, 195 F.2d 766.

David G. Bress, Washington, D. C., with whom Sheldon E. Bernstein, Washington, D. C., was on the brief, for appellant.

Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, was on the brief, Washington, D. C., for appellee.

Charles M. Irelan, appointed U. S. Atty. subsequent to the argument in this case, Joseph M. Howard, Stafford R. Grady, and William R. Glendon, Asst. U. S. Attys., Washington, D. C., also entered appearances on behalf of the appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

After a hearing that did not conform to § 5 of the Administrative Procedure Act, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq., the Postmaster General found that motion picture films which the appellant distributed through the mails were obscene. He therefore stopped delivery of mail addressed to appellant. 64 Stat. 451, 39 U.S.C.A. § 259a. The District Court found that the films were obscene, concluded that the appellant did not come into court with clean hands, and denied his motion for a preliminary injunction. In accordance with our decision in Bersoff v. Donaldson, 84 U.S.App.D.C. 226, 174 F.2d 494, the court also held that § 5 of the Administrative Procedure Act does not apply to Post Office Department hearings.

The Supreme Court has since ruled that § 5 of the Act does apply to certain Post Office Department hearings. Cates v. Haderlein, 342 U.S. 804, 72 S.Ct. 47, reversing 7 Cir., 189 F.2d 369. But the Cates and Bersoff cases involved fraud orders. Appellee contends that obscenity cases are within the Administrative Procedure Act's exception of "proceedings in which decisions rest solely on inspections, tests, or elections".[1] 60 Stat. 239, 5 U.S.C.A. §

1. There is some support for this contention in the Final Report of the Attorney General's Committee on Administrative Procedure (1941), pp. 36, 37.

1004. We think they are not within the exception. In our opinion the Act exempts from the requirement of a full hearing, because they "rest solely on inspections," only decisions that turn either upon physical facts as to which there is little room for difference of opinion, or else upon technical facts like the quality of tea or the condition of airplanes, as to which administrative hearings have long been thought unnecessary. The nature of appellant's films was not even plainly visible without the use of somewhat elaborate projection machinery. The appellee did not even attempt to base his decision "solely on inspections" although he now contends he might have done so. He held a hearing. A hearing was required by "the ideas of due process implicit in the Fifth Amendment." Walker v. Popenoe, 80 U.S.App.D.C. 129, 131, 149 F.2d 511, 513. It follows that § 5 of the Administrative Procedure Act applies to the hearing. Wong Yang Sung v. McGrath, 339 U.S. 33, 50, 70 S.Ct. 445, 94 L.Ed. 616.

 Though a suit to enjoin the carrying out of an administrative order is a form of proceeding in equity, it is also a form of judicial review of administrative action. In the opinion of a majority of the court such a suit could not be finally decided, and judicial review thereby denied, upon the basis of the equitable doctrine of unclean hands. But temporary relief pendente lite is not a matter of right. In the opinion of a majority of the court it is within the sound discretion of the District Court to grant or refuse a preliminary injunction in the light of all the circumstances, including the character of appellant's films and the fact that the Administrative Procedure Act has been violated. "We think the denial of preliminary relief below proceeded from an erroneous premise". Perry v. Perry, 88 U.S.App.D.C. 337, 338, 190 F.2d 601, 602.

Our mandate will be stayed for 20 days so that the appellee may, if he desires, move in this court for a further stay pending proceedings against appellant in accordance with the Administrative Procedure Act.

Remanded for further proceedings consistent with this opinion.

BAZELON, Circuit Judge (concurring).

Although this appeal was from the District Court's denial of preliminary relief, our opinion determining appellee's order to be invalid is, in fact, a final disposition on the merits. For, in the light of our opinion, the District Court, upon appropriate application therefor, must enter final judgment for the appellant. Thus, I see no purpose in expressing any view with respect to what must necessarily be an academic question of preliminary relief. I would simply reverse and remand for whatever further proceedings are required below to give effect to our determination.