**Pink WILLIAMS, also known as "Cowboy" Pink Williams, Plaintiff,**

v.

**Carl PETTY, Postmaster, Caddo, Oklahoma, Defendant.**

Civ. No. 3655.

United States District Court
E. D. Oklahoma.

Dec. 9, 1953.

James O. Braly, Durant, Okl., for plaintiff.

Frank D. McSherry, U. S. Atty., for the Eastern District of Oklahoma, Muskogee, Okl., for defendant.

RICE, Chief Judge.

Plaintiff seeks an order temporarily restraining defendant, as Postmaster at Caddo, Oklahoma, for "continued impounding mail addressed to Box 157, Caddo, Oklahoma * * * until further order of this Court, and for an order directing defendant to release all of Plain-

tiff's mail * * *." The relief sought is against the defendant as postmaster. Plaintiff, without alleging any facts out of which this controversy arose, alleges that the postmaster's act "in impounding plaintiff's mail is arbitrary, capricious, unlawful, wrongful, and in strict violation of plaintiff's constitutional rights."

A hearing on plaintiff's application was set for December 30, 1953, at which time Honorable Frank D. McSherry, United States Attorney for the Eastern District of Oklahoma, acting by direction of the Attorney General of the United States, filed on behalf of the defendant postmaster a Motion to Dismiss, or, in the alternative, for Summary Judgment. In support of said motion there was attached certified copies of pleadings in a certain proceeding pending in the Post Office Department on a complaint filed by the Solicitor of the Department seeking a postal fraud order against the plaintiff. The complaint filed by the Solicitor of the Post Office Department alleged that Pink Williams, Caddo, Oklahoma, used a fictitious, false or assumed name "Cowboy" at Caddo, Oklahoma, and charged him with a violation of 39 United States Code Annotated, §§ 255 and 259a, and of 18 United States Code, §§ 1342 and 1361.

In the complaint filed by the Solicitor it was alleged that there was probable cause to believe that Pink Williams, Caddo, Oklahoma, was using a fictitious, false or assumed name "Cowboy" at Caddo, Oklahoma, in conducting and carrying on, by means of the United States Mails, a scheme for obtaining and attempting to obtain remittances of money for a certain printed card of a filthy nature concerning a fictional "Cattlemen's Convention," and that he was disposing of, or causing to be disposed of, in the mails information as to where, how and from whom the said card might be obtained.

On November 17, 1953, Acting Postmaster General issued an order directing the Postmaster at Caddo, Oklahoma, to "refuse to deliver such mail to the party claiming same until his identity and the character of business conducted thereunder is satisfactorily established upon evidence which will be received at a hearing to be held in the Post Office Department upon such date as shall be fixed by the Chief Hearing Examiner, and such mail shall be held in your custody until my further order."

Plaintiff appeared in the proceedings mentioned above and filed an answer to the complaint of the Solicitor.

Accompanying the Motion to Dismiss in the affidavit of James C. Haynes, Jr., Chief Hearing Examiner of the Post Office Department, from which it appears that a hearing was held on the charges on December 3, 1953. That at the conclusion of the hearing Mr. Williams, through his counsel, requested and was granted until December 28, 1953, to file a brief. That counsel's attention was called to the fact that his client's mail would be impounded pending the decision and that "he made an expression of assent thereto."

Under the rules of practice of the Post Office Department, and the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1009, an appeal from the decision of the Hearing Officer may be taken to the Postmaster General.

Plaintiff's complaint was filed in this Court on December 9, 1953. Whether or not he has filed a brief in the proceedings being conducted in the Post Office Department was not disclosed at the time of the hearing. But it does appear that the question is still pending before the Post Office Department.

■ Plaintiff's counsel, when the Motion to Dismiss, or, in the alternative, for Summary Judgment was filed, elected to proceed and present the question without filing any response to the affidavit in support of the motion; consequently, all facts alleged in support of the motion are accepted as true.

Defendant contends primarily that until the administrative proceedings pending in the Post Office Department are finally concluded, this Court has no jurisdiction, and that the Postmaster Gen-

eral is an indispensable party to this proceeding.

The Administrative Procedure Act provides for judicial review of any agency action, as well as the scope of the review. Courts generally hold that only final action is reviewable and that before resort to judicial relief may be had the administrative relief must have been exhausted. Citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S. Ct. 459, 82 L.Ed. 638; Macauley v. Waterman Steamship Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Federal Power Commission v. Arkansas Power & Light Co., 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261; Mallory Coal Co. v. National Bituminous Coal Commission, 69 App.D.C. 166, 99 F.2d 399–408.

Plaintiff's contention, as I understand it, is that the Postmaster General has no authority under 39 U.S.C.A. §§ 259, 259a to impound mail pending a hearing on a complaint seeking a postal fraud order, but that he is authorized only upon issuance of a fraud order to "instruct postmasters at any post office at which registered letters or any other letters or mail matter arrive directed to any such person, firm, corporation, company, partnership, or association, or to the agent or representative of such person, firm, corporation, company, partnership, or association, to return all such mail matter to the postmaster at the office at which it was originally mailed, with the word 'Unlawful' plainly written or stamped upon the outside thereof, and all such mail matter so returned to such postmasters shall be by them returned to the senders thereof, under such regulations as the Postmaster General may prescribe."

 Actually, plaintiff's attack is upon the order of the Postmaster General directing the Postmaster at Caddo to impound plaintiff's mail, and his effort is to enjoin the local postmaster from obeying the order of the Postmaster General, and requesting that this Court order him to deliver the mail contrary to the order of the Postmaster General. The contention is based on the proposition that before a postmaster may withhold mail addressed to an individual he must have some statutory authority for his act, and, unless there is such authority, his act is without authority of law and therefore invalid. To a great extent he relies upon the case of Donnell Manufacturing Co. v. Wyman, C.C., E.D.Mo., decided in 1907, and reported in 156 F. 415, 417. Therein the Court held that the postmaster could not withhold mail for a period of six weeks, but the Court stated therein that "this court does not now hold that the Postmaster General cannot make all needful orders pending the hearing and in furtherance of the hearing", referring to a hearing on a proposed fraud order. The decision seemed to turn upon the conception that there had been unreasonable delay in concluding the hearing. The Government called attention to an unreported case from the Southern District of California, Central Division, Lee A. Wallace, a/k/a W. A. Lee v. Fanning, in which Judge Leon R. Yankwich held that "the Postmaster General had a reasonable time, while instituting administrative proceedings and holding a hearing on the evidence, to impound the mail addressed to W. A. Lee * * *." While it is true that the Act of Congress in question does not specifically say that the Postmaster General may, pending a hearing on a proposed fraud order, instruct the local postmaster to impound the mail, it is my judgment that the authority to impound mail pending a hearing is implicit in the authority of the Postmaster General to direct that the mail be returned to the original sender after a fraud order is issued.

Congress has placed the responsibility for protecting the mails upon the Postmaster General. It would certainly greatly hinder and handicap him in the administration of his duties in that regard to hold that he cannot, pending a hearing on whether or not a fraud

order should issue, direct the local postmaster to withhold mail which is the subject-matter of the investigation. This Court is not now concerned with the merits of the controversy between the plaintiff and the Post Office Department. The truth is that the facts giving rise to the controversy are not disclosed by the pleadings in the action, nor were they discussed by either party in presenting the motion now under consideration. It is not the purpose of the Court to express or intimate any opinion as to the merits of the controversy between the plaintiff and the Postmaster General.

If, as a result of the hearing in the Post Office Department, no fraud order issues, it necessarily follows that the plaintiff's mail will be delivered to him. In the event a fraud order issues and, subsequently, on appeal is approved by the Postmaster General, the plaintiff may then resort to the Courts for relief, not only as to the issuance of the fraud order, but may seek relief from the order impounding the mail pending the issuance of the order.

In this case there has been no unreasonable delay. The proceedings were filed in the Post Office Department on November 16, or 17, 1953, and a hearing was granted plaintiff on December 3, 1953. The delay in the administrative proceedings since December 3 was occasioned by the action of the plaintiff. So long as there is no unreasonable delay in the administrative proceedings, resulting from the acts of those conducting the proceedings, plaintiff may not invoke the jurisdiction of this Court to obtain relief from the type of order involved herein.

The Motion of the Postmaster General to Dismiss is, therefore, sustained on the ground that the plaintiff's action is premature.

Order in conformity with the foregoing views is entered.