Morton **BAREL**, individually and doing
business under the firm name and
style of Gem Co., Plaintiff,

v.

Eugene S. **FISKE**, Postmaster of Mount
Vernon Station, New York,
Defendant.

United States District Court
S. D. New York.
March 1, 1954.

Selkowe, Johnson, Zimbalist & Romanoff, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff seeks a temporary injunction restraining the Postmaster of Mount Vernon Station, New York, from continuing to impound mail addressed to Gem Company in Mount Vernon.

It appears that after an investigation conducted by postal inspectors, the Postmaster of Mount Vernon was "instructed" by one of said inspectors on January 29, 1954 to withhold Gem Company's mail pursuant to 39 C.F.R. 36.10.

On February 16, 1954, after further investigation by the postal authorities, the Gem Company was served with a complaint directing it to show cause at a hearing to be held on March 5, 1954 pursuant to 39 C.F.R. 151.1 et seq., why it should not be debarred from the receipt of mail. The defendant herein was, on February 18, 1954, ordered to continue to impound Gem Company's mail pending termination of that administrative hearing. Thus, defendant has withheld plaintiff's mail since January 29, 1954.

The record discloses that there is sufficient evidence to sustain the preliminary administrative conclusion that the

mails are being here used unlawfully[1] by a person using a fictitious name.[2]

■ Gem Company has not yet been satisfactorily identified. In the course of plaintiff's attempt to identify himself with Gem Company, he conceded that while he nominally owned Gem Company, that business was "controlled by Chelli Promotions, President Nat Sokol, * * *". Plaintiff's contradictory statements as to the identity of Gem Company justified the Postmaster General's conclusion of failure "to appear and be identified" as required by the statute.[3] Until compliance with the statutory mandate of appearance and identification the continued impounding of Gem Company's mail was justified on that basis alone and was not an abuse of administrative authority.

1. 18 U.S.C.A. § 1341.

2. 18 U.S.C.A. § 1342.

3. 39 U.S.C.A. § 255.

■ However, assuming *arguendo* that plaintiff Barel has sufficiently identified himself with Gem Company as he claims, the Postmaster General has the authority to impound suspect mail matter pending decision of the question whether the mails are being used unlawfully.[4] Of course this refusal to deliver a person's mail must be based upon substantial evidence to sustain preliminary administrative finding that there is a fraudulent scheme operating through the postal facilities. I cannot say that the evidence on which the postal authorities acted in the instant case is insufficient as a matter of law to justify their findings. Nor does it appear that the hearing has been noticed for an unreasonably late date.[5]

Accordingly, the motion for a temporary injunction is denied.

4. Williams v. Petty, D.C.E.D.Okl., 136 F.Supp. 283, Decision of Judge Rice.

5. Cf. Donnell Mfg. Co. v. Wyman, C.C., 156 F. 415.