**Eddie LE BARON, doing business as Star of Fire Gem Co.,**

v.

**Otto K. OLESEN, as Postmaster of the City of Los Angeles, State of California, and Doe I through Doe X.**

**No. 17156.**

United States District Court, S. D. California, Central Division.

Sept. 28, 1954.

Stanley Fleishman, Hollywood, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Joseph D. Mullender, Asst. U. S. Atty., Los Angeles, Cal., for defendant Olesen.

BYRNE, District Judge.

The plaintiff, doing business as Star of Fire Gem Co., was engaged in selling through the mail "Marilyn Monroe Coasters" advertised in periodicals of general circulation. The Assistant Solicitor of the Post Office Department issued a complaint charging the plaintiff with receiving remittances through the mail for the coasters which were described in the complaint as "obscene, lewd, lascivious and indecent in content and character". 39 U.S. C.A. § 259a. An answer was filed and a hearing conducted in Washington, D. C. The hearing examiner filed his decision and the Solicitor issued an order directing the defendant to return to the sender all mail matter addressed to the plaintiff with the words, "Unlawful: mail to this address returned by order of the Postmaster General".

Plaintiff has filed this action for a judicial review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and asserts that the Solicitor's order is arbitrary, capricious, and unfair in that neither the hearing examiner nor the Solicitor gave any consideration to current community standards of what is offensive to established notions of decency and that they disregarded entirely the fact that the same pose of Marilyn Monroe depicted on this coaster has freely circulated through the mail by the hundreds of thou-

sands without interference by the Post Office Department.

Pending hearing on the merits, the plaintiff seeks a preliminary injunction enjoining the defendant from refusing to deliver mail matter addressed to Star of Fire Gem Co.

■■ An application for a preliminary injunction is addressed to the discretion of the court upon the basis of "the relative importance of the rights asserted and the acts sought to be enjoined, the irreparable nature of the injury allegedly flowing from denial of preliminary relief, the probability of the ultimate success or failure of the suit, the balancing of damage and convenience generally." Perry v. Perry, 1951, 88 U.S.App.D.C. 337, 190 F. 2d 601, 602; Door v. Donaldson, 1952, 90 U.S.App.D.C. 188, 195 F.2d 764. In his written decision the hearing examiner stated, "Inspection of the coasters in evidence discloses that on each there is reproduced in color the nude body of a young woman, presumably Marilyn Monroe. These coasters, on their face, are obscene, lewd, lascivious and indecent, as charged." Modern authorities, including the Federal Courts, clearly establish the principle that nudity in itself is not obscene. See Parmelee v. United States, 72 App.D.C. 203, 113 F.2d 729, and the authorities there collected.

■ The critical question presented for ultimate decision on the merits is whether the coasters here involved are obscene per se or "on their face" as determined by the postal authorities. Balancing prospective damage and convenience and estimating the probabilities with respect to the ultimate disposition of the case, I conclude that the issuance of a preliminary injunction is in order.

The defendant contends that since the plaintiff did not attend the administrative hearing, he failed to exhaust his administrative remedies by default and, having done so, the District Court is without jurisdiction to grant the relief prayed for in the complaint. He cites Olinger v. Partridge, 9 Cir., 1952, 196 F.2d 986.

■■ This contention is without merit and does not find support in the cited case. In the first place the doctrine of exhaustion of administrative remedies relates to remedies available to the plaintiff by way of appeal from administrative orders. Even if we were to assume that the doctrine referred to hearings instituted against the plaintiff, the "remedy", if it could be so designated, had been exhausted. The hearing was concluded and an order issued. There is no administrative appeal from this order, therefore the plaintiff's administrative remedies have been exhausted.

Counsel for the plaintiff will prepare, serve and lodge a formal order for settlement in accordance with local Rule 7. The findings of fact and conclusions of law included in this memorandum shall serve as the findings and conclusions required by Rule 52(a), Fed.Rules Civ. Proc. 28 U.S.C.A.