Otto K. OLESEN, Individually and as
Postmaster of the City of Los Angeles,
State of California, Appellant,

v.

V. E. STANARD, Individually and d/b/a
Male Merchandise Mart, Appellee.

No. 14546.

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1955.

Laughlin E. Waters, U. S. Attorney, Joseph D. Mullender, Jr., Max F. Deutz, Asst. U. S. Attys., Los Angeles, Cal., for appellant.

Stanley Fleishman, Brock, Easton & Fleishman, Hollywood, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and TAYLOR, District Judge.

STEPHENS, Circuit Judge.

The defendant below is here appealing from a district court "Order Granting Preliminary Injunction" which was filed and entered August 13, 1954, enjoining him, the postmaster at Los Angeles, California, his agents and servants, from impounding and from withholding mail addressed to plaintiff-appellee V. E. Stanard, who is doing business as the Male Merchandise Mart. The pertinent part of the text of the order is quoted in the margin.[1]

1. "It is Ordered, Adjudged and Decreed that during the pendency of this action or until the Court shall otherwise order the defendant, Otto K. Olesen, and his agents, servants and employees are ordered to turn over and deliver to plaintiff, V. E. Stanard, all mail matter directed to Male Merchandise Mart at 16887 West Branch, Hollywood 46, California, which is in their possession or custody or under their control.

"It is Further Ordered, Adjudged and Decreed that during the pendency of this action or until the Court shall otherwise order the defendant, Otto K. Olesen, and his agents, servants and employees are hereby enjoined and restrained from failing or refusing to deliver to plaintiff in the regular course of mail, any and all properly addressed prepaid letters, cards and packets, addressed to Male Merchandise Mart, at 16887 West Branch, Hollywood 46, California.

"It is Further Ordered, Adjudged and Decreed that during the pendency of this action or until the Court shall otherwise order, the defendant, Otto K. Olesen, and his agents, servants and employees are hereby enjoined from enforcing in any respect whatsoever the impound order of the Deputy Postmaster General dated March 1, 1954, impounding plaintiff's mail.

Appellee Stanard deposited in the post office at Los Angeles, California, for mailing to addressees, illustrated and descriptive circulars soliciting for a consideration mail orders for pictures. The circulars contained pictures of attractive young women with word descriptions or titles which clearly indicated that risque pictures would be sent to those who ordered them. The pictures were represented to be usable as motion pictures, color slides, books, and playing cards. There was nothing further in the circulars which could possibly indicate that the pictures would be of the nature denounced as unmailable under § 259a of Title 39 U.S.C.A., to-wit "obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance

* * *." The full section of the statute is quoted in the margin.[2]

On March 1, 1954, without an administrative hearing, the Postmaster General, having the day before determined that the circulars constituted evidence satisfactory to him that the appellee was depositing or inducing the deposit in the United States mails of matter in derogation of the statute, instructed the postmaster at Los Angeles to impound all mail addressed to appellee, pending a final administrative decision as to whether Title 39 U.S.C.A. § 259a was violated by the attempted mailing of the circulars. After such determination, and after the impound order had been made, an administrative hearing was had[3] in the

"It is Further Ordered, Adjudged and Decreed that during the pendency of this action or until the Court shall otherwise order, the defendant, Otto K. Olesen, and his agents, servants and employees are hereby enjoined from enforcing in any respect whatsoever the Deputy Postmaster General's final order No. 55656 dated June 11, 1954." Record on Appeal, pages 64–66, "order granting preliminary injunction" dated, filed and entered Aug. 13, 1954, in United States District Court case No. 16866–P.H.

2. "259a. Exclusion from mails of obscene, lewd, etc., articles, matters, devices, things, or substances

"Upon evidence satisfactory to the Postmaster General that any person, firm, corporation, company, partnership, or association is obtaining, or attempting to obtain, remittances of money or property of any kind through the mails for any obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance, or is depositing or is causing to be deposited in the United States mails information as to where, how, or from whom the same may be obtained, the Postmaster General may—

"(a) instruct postmasters at any post office at which registered letters or any other letters or mail matter arrive directed to any such person, firm, corporation, company, partnership, or association, or to the agent or representative of such person, firm, corporation, company, partnership, or association, to return all such mail matter to the postmaster at the office at which it was originally mailed, with the world 'Unlawful' plainly written or stamped upon the outside

thereof, and all such mail matter so returned to such postmasters shall be by them returned to the senders thereof, under such regulations as the Postmaster General may prescribe; and

"(b) forbid the payment by any postmaster to any such person, firm, corporation, company, partnership, or association, or to the agent or representative of such person, firm, corporation, company, partnership, or association, of any money order or postal note drawn to the order of such person, * * * or to the agent or representative of such person * * * and the Postmaster General may provide by regulation for the return to the remitters of the sums named in such money orders or postal notes." Title 39 U.S.C.A. § 259a. Aug. 16, 1950, c. 721, 64 Stat. 451. For legislative history and purpose of Act Aug. 16; 1950, cited to text, see 1950 U.S. Code Cong.Service, p. 3007. See Title 30 C.F.R. Part 45, § 45.16, wherein the Postmaster General directs disposition of seized or detained matter under R.S. § 3895; 39 U.S.C.A. § 258; 13 F.R. 8947.

3. March 10 and 17, 1954. "The hearing date was originally set for March 17, 1954. The date was moved forward, however, to accommodate Los Angeles counsel for Respondent Stanard, to March 10, 1954, * * * with the understanding that for procedural purposes the hearing would be deemed as having been held on March 17, 1954 * * *. [The] hearing in this case was again convened before me on March 17, 1954, at which time further evidence was received * * *." Excerpt from "initial

nation's capital and the hearing examiner decided April 30, 1954, that appellee was violating § 259a.

At the administrative hearing, appellee's advertising circulars were received in evidence, but none of the wares referred to therein was offered and no evidence was adduced to the effect that any of the advertised wares had been mailed or transported in any manner. And there was no evidence, descriptive or otherwise, that the wares which might be sent to one who ordered them through the circulars, would, in fact, be in violation of the statute. The field for appellee's operation within the law and within the representation of the circulars is a broad one and not every indelicacy or every suggestive matter is "obscene, lewd, lascivious, indecent, filthy, or vile * * *."

After the administrative hearing, the Deputy Postmaster General issued his decision (Order No. 55656) on June 11, 1954, which conformed to and adopted by reference the initial decision of the hearing examiner made April 30, 1954, and ordered the postmaster at Los Angeles as follows:

"* * * [Y]ou are hereby forbidden to pay any postal money order drawn to the order of said concerns and parties and you are hereby directed to inform the remitter of any such postal money order that payment thereof has been forbidden, and that the amount thereof will be returned * * *.

"By the same authority you are hereby further instructed to return all letters, whether registered or not, and other mail matter which shall arrive at your office directed to the said concerns and parties to the postmasters at the offices at which they were originally mailed, to be delivered to the senders thereof, with the words, 'Unlawful: Mail to this address returned by order of the Postmaster General', plainly written or stamped upon the outside * * *. Where there is nothing to indicate who are the senders * * * send such letters and matter to the appropriate dead letter branch * * *." (Order No. 55656, dated June 11, 1954.)

It is agreed by all parties that the circulars themselves did not violate the statute under which the Postmaster General had assumed to act by the ex parte issuance of the impound order and the final order which issued after the administrative hearing.

Subsequently to the Postmaster General's impound order and to his Deputy's Order No. 55656 pursuant to the administrative hearing, appellee as V. E. Stanard individually and doing business as Male Merchandise Mart, brought the instant action against the postmaster at Los Angeles, California, and numerous "Does", praying for a declaration that the initial ex parte order and the final order be declared invalid, and for injunctive relief.

Thereafter the district court issued its show cause order in which appellant postmaster was ordered to appear and show cause why he should not deliver to appellee Stanard all mail addressed to her. After hearing on the show cause order, the court issued its temporary injunction against the postmaster "from enforcing in any respect whatsoever the impound order of the Deputy Postmaster General [and] * * * the final order", and it also required that all mail withheld under the impound order should be released.[4] The postmaster appeals.

It is contended by appellant that, although § 259a does not expressly grant the power to impound mail prior to an administrative hearing, it gives such power by implication, citing Wallace v. Fanning, 1953, D.C.S.D.Cal. (unreported), No. 15499–T. We quote from the opinion:

decision of hearing examiner", April 30, 1954, Record on Appeal, pages 11, 12, 13, 17.

4. For full text of district court's order, see footnote 1, supra.

"That under the powers given by Sections 255 and 259a, Title 39 U.S. C., the Postmaster General had a reasonable time while instituting administrative proceedings and holding a hearing on the evidence, to impound the mail addressed to W. A. Lee at the address mentioned."

Appellant also cites Barel v. Fiske, D.C. S.D.N.Y.1954, 136 F.Supp. 751, and Williams v. Petty, D.C.E.D.Okl.1954, 136 F. Supp. 283. Whether the statute may give such power by implication in some factual situations we need not decide for, if the district court's order here appealed from is held valid, the impounded mail will be released. And we think the order is valid in all respects for the following reasons.

It is admitted that the only basis for the Postmaster General's order was the circulars [5] which did not of themselves violate the statute. The circulars at most were no more than invitations to buy merchandise which could reasonably be *surmised* to be within the reach of the statute.[6]

Whatever may be said as to the Postmaster General's power to preliminarily impound mail in such circumstances, it cannot now be successfully contended that the power includes the making of a final order of exclusion from the mails. The use of the mails is not a privilege to be granted or withdrawn at the discretion of the executive, but is a right open to all who conform to the applicable law, and is within the Administrative Procedure Act.[7]

There being no sufficient basis in fact to support the Deputy Postmaster General's order following the administrative hearing, it is entirely without validity. It follows, as of course, that the impound order loses all effectiveness. The order of the district court is therefore affirmed.

Affirmed.

5. Following are examples of the advertising circulars:

(a) "*Wow Wolf Deck*"—(deck of playing cards with semi-nude photos on the backs.) "Yes—a 'pack of cards'—52 of 'em—52 beautiful full color photographs of the Loveliest female figures."

(b) "*Peep Show*"—"a clever little 'movie' device no larger than a pack of cigarettes. Handy to carry in your pocket—Yet has a reel of no less than thirty (count 'em—30!), of the most gorgeous, glorious, grand art studies ever recorded on film."

(c) "*To Spank or Not to Spank*"— "* * * the importance of this method [spanking] of keeping naughty lovelies in line."

(d) "*Party Films—For a Party as IS a Party*"—(such titles as) "(1) Perfect exposure. (2) Tequila Strip. (3) Feminine Inventory. (4) Hunting Bare. (5) Figureatively Speaking. (6) Tillie's Temptation."

(e) "*Beauty in Bondage*"—"Whose heart would not thrill in pity at the poor, helpless, cruelly gagged and bound young creatures, completely at the mercy of their brutal captors."

(f) "*Naughty Bedtime Books.*"

(g) "*The Flimsey Report.*"

(h) "*Wild French Cartoons.*"

6. Title 39 U.S.C.A. § 259a.

7. The postal authorities are not without restraints in making their determinations. Recent cases make it clear that fraud and obscenity proceedings are within the scope of the Administrative Procedure Act, Title 5 U.S.C.A. § 1001 et seq. § 1008 thereof provides in part:

"In the exercise of any power or authority—

"(a) No sanction shall be imposed or substantive rule or order be issued except within jurisdiction delegated to the agency and as authorized by law." June 11, 1946, c. 324, § 9, 60 Stat. 242.

See Stanard v. Olesen, 1954, 74 S.Ct. 768, Mr. Justice Douglas' opinion; Cates v. Haderlein, 1951, 342 U.S. 804, 72 S.Ct. 47, 96 L.Ed. 609; Door v. Donaldson, 1952, 90 U.S.App.D.C. 188, 195 F.2d 764, 765.