Sol M. WOLFF, et al., t/a S. M. Wolff Company, Appellants,

v.

Ezra T. BENSON, Secretary, United States Department of Agriculture, and United States Tariff Commission, Appellees.

No. 14219.

United States Court of Appeals District of Columbia Circuit.

Argued April 18, 1958.

Decided May 29, 1958.

Messrs. Edwin G. Martin and Lowry N. Coe, Washington, D. C., for appellants.

Mr. Lionel Kestenbaum, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, Mr. Oliver Gasch, U. S. Atty., and Mr. Samuel D. Slade, Atty., Dept. of Justice, were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN and WASHINGTON, Circuit Judges, and MADDEN, Judge, United States Court of Claims.[1]

PER CURIAM.

Appellants import dried figs and fig paste. In the District Court they alleged that subordinates of the Secretary of Agriculture have conspired with the California Fig Institute to devise a plan to restrict imports of dried figs and fig paste. The plan, it was asserted, was to promulgate a "Marketing Agreement and Order" for California dried figs un-

[1]. Sitting by designation pursuant to the provisions of Sec. 291(a), Title 28, U.S.Code.

der the Agricultural Adjustment Act [2] and to use the same as a basis for the restrictions on imports. Appellants accordingly sought a judgment declaring the marketing agreement and order invalid, enjoining the Secretary from participating *pendente lite* in a Tariff Commission investigation of the impact of fig imports on the domestic market, enjoining the Tariff Commission from conducting such a hearing or reporting the results of the hearing to the President, and permanently enjoining the Secretary and the Commission from taking any steps to restrict imports of dried figs and fig paste in connection with or as a result of the federal marketing program. Upon motions for summary judgment the District Court dismissed appellants' complaint, on the ground that appellants had no standing to attack the Secretary's marketing order. We agree with the District Court.

Section 22 of the Agricultural Marketing Agreement Act of 1937 [3] provides that, whenever the Secretary of Agriculture has reason to believe that any imports will render or tend to render ineffective any program undertaken by the Department of Agriculture, he shall so advise the President, who may then cause an investigation to be made by the United States Tariff Commission to determine the facts. On the basis of the investigation and the findings and recommendations of the Commission, the President may impose certain *ad valorem* fees or quantitative limitations on imports.

Pursuant to advice from the Secretary the President initiated an investigation of fig imports under Section 22. The Commission concluded that there was no basis for import restrictions during the 1956–57 season and submitted its report to the President. The President requested further investigation. The Commission investigated further and submitted a second report, in which it found that there was no basis for import restrictions during the 1957–58 season, again concluding that there was no likelihood that imports would interfere with the federal program or domestic production. The President accepted the Commission's report.

The essence of appellants' claim is that the Secretary had no authority under the statute to consider the desirability of restricting imports as a reason for promulgating the domestic fig program, and that the promulgation of the program was meant to be a legal springboard for action by the Secretary under Section 22.

Appellants' case fails at the outset, however. Even assuming that there might, at some future time, be an order entered on the basis of the marketing program which would adversely affect the appellants, that situation does not yet exist. As we said in California Oregon Power Co. v. Federal Power Commission,[4] after discussing prior decisions: "In all cases held reviewable, something was happening to the complainant. Either someone was doing something to him or he was placed under an obligation to do something." In the instant case no action adverse to appellants has been taken by the President, nor is there any adverse action presently pending against them. They cannot bolster their standing to attack the marketing program by asserting that some future action adverse to their interests may be taken by the Secretary, the Tariff Commission, and ultimately the President.

Affirmed.

2. 48 Stat. 31 (1933), as amended, 7 U.S. C.A. § 601 et seq.

3. 50 Stat. 246, as amended, 7 U.S.C.A. § 624.

4. 99 U.S.App.D.C. 263, 270, 239 F.2d 426, 433 (1956).