BOSTON WOOL TRADE ASS'N et al. v. SNYDER.

No. 9474.

United States Court of Appeals District of Columbia.

Argued April 7, 1947.

Decided May 5, 1947.

Mr. Michael M. Kearney, of Washington, D. C., with whom Mr. Clinton M. Hester, of Washington, D. C., was on the brief, for appellants.

Mr. Edward H. Hickey, Sp. Asst. to Atty. Gen., with whom Mr. J. Francis Hayden, Sp. Asst. to Atty. Gen., and Mr. George Morris Fay, U. S. Atty., of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices

PRETTYMAN, Associate Justice.

Appellants brought a civil action for injunction pendente lite and for mandamus against the Secretary of the Treasury. They sought to require him to instruct all customs officers to impose and collect duties on Cordova wool at the rates of duties specified in paragraph 1101(a) of the Tariff Act of 1930, as amended.[1] The District Court granted the Secretary's motion to dismiss. This appeal followed.

In their complaint appellants said that the Secretary planned to issue a letter to all Collectors of Customs, directing them to levy duties upon certain grades of Cordova wool under paragraph 1102 of the Act. They said that Cordova wool is named in paragraph 1101(a) without qualification. They therefore said that the proposal of the Secretary to require duties upon some grades of this wool under paragraph 1102 was illegal and in excess of his authority.

[1] 46 Stat. 646, 52 Stat. 1090, 19 U.S.C.A. § 1001, Par. 1101(a).

It is clear that the controversy concerns the duty to be imposed upon certain imports. As such, it is within the exclusive jurisdiction of the Court of Customs and Patent Appeals.[2]

Appellants argue that Waite v. Macy[3] permits this action to lie. But that case involved the exclusion of certain goods from entry because of requirements as to quality, and the Court specifically held that there was no remedy, except injunction, available to the importer.

Appellants say that the multiplicity of suits which would ensue if the question here involved were submitted to the Court of Customs and Patent Appeals, is ground for equity jurisdiction. The contention is based upon the rule of United States v. Stone & Downer Co.,[4] that a decision of that court is not res judicata of a classification, and that a duty once determined upon a described import may be reexamined in a later case. The difficulty with the contention is that it would apply to all customs matters, and so equity jurisdiction would always apply; and the procedure in the statutory court would not be exclusive. But it is exclusive, as the statute and the cases we have cited show. Moreover, the multiplicity which appellants anticipate may not develop. This is not a case in which appellants must necessarily bring many actions to protect their rights. Only if a reexamination of the initial decision were determined upon, due to new considerations developed in a later case, would the first importer become involved in another proceeding relating to the import.[5] This feature of the case is not determinative, but it is a weakness in the contention. Appellants urge irreparable damage, but the damage is a money damage, consisting of the difference between the duties under the two paragraphs of the Act. It is large because of the large amount of wool which appellants desire to import. Such damage is not regarded by equity as irreparable. The remedy at law, by which the money can be recovered, is adequate.

The judgment of the District Court is affirmed.

---

[2] Sections 514 and 515 of the Tariff Act of 1930, 46 Stat. 734, 19 U.S.C.A. §§ 1514, 1515; Section 195 of the Judicial Code, as amended, 46 Stat. 762, 28 U.S.C.A. § 308; State of Louisiana v. McAdoo, 1914, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; Cottman Co. v. Dailey, 4 Cir., 1938, 94 F.2d 85; Calf Leather Tanners' Ass'n v. Morgenthau, 1935, 65 App.D.C. 93, 80 F.2d 536.

[3] 1918, 246 U.S. 606, 38 S.Ct. 395, 62 L.Ed. 892.

[4] 1927, 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013; and see Tait v. Western Md. Ry., 1933, 289 U.S. 620, 625, 53 S.Ct. 706, 77 L.Ed. 1405.

[5] United States v. Bosca, Reed, MacKinnon Co., 1937, 24 C.C.P.A.,Customs, 364.