**NATIONAL ENFORCEMENT COMMIS-SION et al., Appellants,**

v.

**SLIM OLSON, Inc., Appellee.**

**No. 12286.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 13, 1955.

Decided March 10, 1955.

Mr. Donald B. MacGuineas, Atty., Dept. of Justice, of the bar of the Supreme Court of Illinois, Washington, D. C., *pro hac vice*, by special leave of Court, with whom Mr. Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., was on the brief, for appellants.

Messrs. Leo A. Rover, U. S. Atty., Lewis A. Carroll, Asst. U. S. Atty., and Edward H. Hickey, Atty., Dept. of Justice, Washington, D. C., also entered appearances for appellants.

Mr. Carl S. Hawkins, with whom Mr. John W. Cragun, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

This is an appeal from a judgment for permanent injunction in an action to

restrain appellants from issuing a certificate disallowing certain payments of wages found to have been made in violation of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq. The controversy arose out of a decision of the National Enforcement Commission issued May 21, 1953, and modified February 11, 1954, which ordered that the amount of $11,268.88 be disallowed in calculating the deductions of the appellee for its taxable year ending December 31, 1951. This sum represented twice the amount of wages paid by the appellee to its employees between January 1950 and May 1952 which the appellants found to be in excess of those allowable under pertinent wage stabilization regulations. The District Court in granting a permanent injunction held that the power sought to be exercised by the appellants had been terminated at the close of April 30, 1953 upon the expiration of Title IV of the Defense Production Act, and that the appellants never were authorized by the Act to impose a disallowance greater than the actual excess wage payments. The opinion of the District Court is reported at 118 F.Supp. 861.

Most of the basis for appellee's claims has been swept away by Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933, decided some three months after the entry of the District Court's judgment. In the Allen case, suit was brought to restrain the National Enforcement Commission, and others, from proceeding with an administrative hearing of the type held in this case. The plaintiff contended that the administrative procedure being followed was unauthorized by the Constitution or any statute; that even if originally authorized, that authorization had expired; and that the mere conduct of the proceeding would inflict irreparable damage upon it. The Supreme Court held that the Defense Production Act of 1950 authorized administrative action for the enforcement of its wage stabilization provisions, and that this authorization continued even after the restric-

tions placed on wages under Title IV of the Act expired, provided the administrative action related to violations antedating such expiration. The Court refused to pass upon the constitutional objections raised because the plaintiff had not exhausted the prescribed administrative procedure. Rejecting the claim of irreparable injury, the opinion of the Court by Mr. Justice Burton points out that once the right of the Government to hold administrative hearings is established, a litigant cannot enjoin them merely because they might jeopardize his bank credit or otherwise be inconvenient or embarrassing. Quoting from Petroleum Exploration, Inc., v. Public Service Commission, 1938, 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294, the opinion concludes that "[T]he expense and annoyance of litigation is 'part of the social burden of living under government.'"

The only significant difference between the Allen case and this case, is that here the initial administrative determination has been made to issue a certificate of disallowance. This certificate if permitted to issue would serve as a directive to the Internal Revenue Service to disallow the certified amount as a deduction in computing appellee's income tax for the taxable year ending December 31, 1951. Presumably this would result in a tax assessment against appellee for this period, although the amount of this assessment cannot be determined on the present record. Normally, in such a situation, a taxpayer, such as appellee, would have two available remedies: it could either file a petition with the Tax Court for a redetermination of the deficiency, which would automatically stay collection of the assessment, Internal Revenue Code §§ 6212(a) and 6213(a) (1954), 26 U.S. C., or, it could pay the additional assessment and sue for refund in the District Court or the Court of Claims, see Internal Revenue Code § 7422 (1954), and 28 U.S.C. §§ 1346 and 1491. Both procedures have been utilized in the past in cases of this type. Weather-

Seal Mfg. Co. v. Commissioner of Internal Revenue, 1951, 16 T.C. 1312, affirmed, 6 Cir., 1952, 199 F.2d 376 (petition for redetermination); N. A. Woodworth Co. v. Kavanagh, D.C., E.D.Mich. 1952, 102 F.Supp. 9, affirmed, 6 Cir., 1953, 202 F.2d 154 (tax refund suit).

 Either of these procedures would appear to afford appellee an adequate remedy at law, and this of course, apart from any other reason, would be sufficient to render improper the District Court's equitable intervention. Aircraft & Diesel Corp. v. Hirsch, 1947, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796. Appellee contends however, that these remedies are inadequate because an administrative regulation prohibits court review of the decisions of the National Enforcement Commission.[1] If the regulation in question is to be interpreted as an administrative effort to limit the statutory jurisdiction and powers of the courts, we would have the most serious doubt as to its validity, cf. Clyde v. United States, 1871, 13 Wall. 38, 20 L. Ed. 479, and the Government, representing appellants in this case, has not sought to urge that interpretation upon us.[2] In any event, proper appellate practice requires that even this initial question as to jurisdiction be considered first by the tribunal affected. Cf. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 1946, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839. This same principle, *a fortiori*, precludes present consideration of appellee's other contentions which relate to the amount of wages disallowed, and the allocation of the entire disallowance to the 1951 tax year. Cf. Lichter v. United States, 1948, 334 U.S. 742, 792–793, 68 S.Ct. 1294, 92 L.Ed. 1694. And it obviously also follows from what we have said that the constitutional issues submitted by appellee are not yet ripe for decision.

Cf. Allen v. Grand Central Aircraft Co., supra; Parker v. Los Angeles County, 1949, 338 U.S. 327, 70 S.Ct. 161, 94 L.Ed. 144; Aircraft & Diesel Corp. v. Hirsch, supra.

The case will be remanded to the District Court with directions to dismiss the complaint.

Reversed.

---

1. General Order No. 15 of the Economic Stabilization Administrator provides that a determination by the National Enforcement Commission "shall be final and not subject to review in the Tax Court of the United States or by any Court in any civil proceeding." 17 Fed.Reg. 2994 (1952).

2. Cf. United States v. California Eastern Line, 1955, 348 U.S. 351, 75 S.Ct. 419.