**CADILLAC PUBLISHING COMPANY,
Inc., a Corporation, Appellant,**

v.

**Arthur E. SUMMERFIELD, Postmaster
General of the United States,
Appellee.**

No. 12506.

United States Court of Appeals
District of Columbia Circuit.

Argued April 27, 1955.

Decided June 30, 1955.

Certiorari Denied Nov. 21, 1955.

See 76 S.Ct. 179.

Mr. Horace J. Donnelly, Jr., Washington, D. C., with whom Mr. Arthur V. Sullivan, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Frank H. Strickler, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and William

F. Becker, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The District Court dismissed appellant's complaint wherein it sought both a declaratory judgment that certain actions of the Post Office Department were unlawful, and an injunction to restrain the Postmaster General and his subordinates from proceeding further against appellant. Appellant thereupon filed a motion for reconsideration and for permission to file an amended complaint which motion was denied, and this appeal followed.

Appellant alleged that the Acting Solicitor of the Post Office Department filed with the office of Hearing Examiners for the Department a charge that appellant was conducting an unlawful enterprise through the mails in violation of the obscenity provisions of Title 39 U.S.C. § 259a (1952); that after the Hearing Examiner in an initial decision had dismissed the complaint, the Solicitor filed a notice of intention to appeal and subsequently, a brief on appeal to the Postmaster General; that appellant moved to dismiss the Solicitor's appeal on the ground that the Department's rules of practice made no provision for such an appeal; that the motion to dismiss was unlawfully denied by the Deputy Postmaster General on February 15, 1954, in that the Postmaster General could not validly delegate his authority to his Deputy; and that under date of May 6, 1954, appellant was advised that it must make reply to the Solicitor's appeal brief by May 22, 1954.

Without further steps before the Department, appellant commenced this action. Appellant had been advised that the Deputy Postmaster General had denied its motion to dismiss the Solicitor's appeal and that it must reply to the Solicitor's appeal brief, but it chose not to pursue its administrative remedy. Had appellant met the issues within the Department, it is entirely possible that the Hearing Examiner's initial decision would have been affirmed by the Postmaster General. There has been issued no order returning mail addressed to the appellant, indeed none can issue until the administrative process has been completed. It is quite possible appellant so realizes. We cannot fail to note that the proceedings are still pending in the Department.

■ We conclude that appellant should have exhausted the administrative remedies open to it before seeking judicial intervention. Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U. S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933; National Enforcement Comm. v. Slim Olson, Inc., 1955, 95 U.S.App.D.C. 218, 221 F.2d 92.

■ Appellant gains nothing in his attempt to rely upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1952), for that Act was never intended to confer jurisdiction where none exists. Doehler Metal Furniture Co. v. Warren, 1942, 76 U.S.App.D.C. 60, 62, 129 F.2d 43, 45, certiorari denied, 1942, 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533; Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 67, 174 F.2d 978, 980.

■ So, the case comes to this, the Administrative Procedure Act, 5 U.S.C. § 1009(c) (1952) expressly provides that "Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action. . . ." "That proceedings before the Department are subject to the Administrative Procedure Act has been settled in Cates v. Haderlein, 342 U.S. 804 [72 S.Ct. 47, 96 L.Ed. 609]," as appellant quite properly tells us in his brief. See also, Door v. Donaldson, 1952, 90 U.S.App.D.C. 188, 195 F.2d 764. We will stand on that, for in the absence of a final agency order, the record shows no more than that appellant complains of

a District Court order which refused judicial review of an intermediate agency order which had denied appellant's motion to dismiss an intra-agency appeal.

Affirmed.