**MORGANTOWN GLASSWARE GUILD, Inc., Appellant,**

v.

**George M. HUMPHREY, Secretary of the Treasury, Appellee.**

**No. 13033.**

United States Court of Appeals District of Columbia Circuit.

Argued May 15, 1956.

Decided June 7, 1956.

Writ of Certiorari Denied Nov. 5, 1956.

See 77 S.Ct. 133.

---

Mr. Carl L. Shipley, Washington, D. C., with whom Mr. Roy St. Lewis, Washington, D. C., was on the brief, for appellant.

Mr. Marcus A. Rowden, Atty., Department of Justice, of the bar of the Supreme Court of Michigan, *pro hac vice*, by special leave of Court, with whom Messrs. Leo A. Rover, U. S. Atty. at the time brief was filed, and Melvin Richter, Atty., Department of Justice, were on the brief, for appellee. Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

The appellee's motion to dismiss appellant's complaint was granted, we think properly. Appellant had sought a declaratory judgment that action by the Secretary pursuant to the General Agreement on Tariffs and Trade, Geneva, 1947, is unconstitutional and that appellee had unlawfully imposed reduced rates of duty upon imported handblown and pressed glassware.

Appellant failed to follow the appeal or protest procedures set up in 19 U.S.C.A. § 1516. We have previously held that the remedy there provided is appropriate. Calf Leather Tanners' Ass'n v. Morgenthau, 1935, 65 App.D.C. 93, 80 F.2d 536, 542, certiorari denied, 1936, 297 U.S. 718, 56 S.Ct. 595, 80 L.Ed. 1003. It is thoroughly settled that "* * * no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638; Allen v. Grand Cent. Aircraft Co., 1954, 347 U.S. 535, 553, 74 S.Ct. 745, 98 L.Ed. 933; National Enforcement Commission v. Slim Olson, Inc., 1955, 95 U.S.App.D.C. 218, 221 F.2d 92.

28 U.S.C. § 1583 provides in pertinent part: "The Customs Court shall have exclusive jurisdiction to review on protest the * * * rate and amount of duties chargeable and as to all exactions of whatever character within the jurisdiction of the Secretary of the Treasury * * *." Appellant claims that the Customs Court lacks authority to pass

on constitutional questions, but the law is otherwise. Cottman Co. v. Dailey, 4 Cir., 1938, 94 F.2d 85, 88–89; Riccomini v. United States, 9 Cir., 1934, 69 F.2d 480, 481–484; cf. Boston Wool Trade Ass'n v. Snyder, 1947, 82 U.S.App.D.C. 144, 161 F.2d 648.

Nor is the appellant's position enhanced by its reliance upon the Declaratory Judgment Act, 28 U.S.C. § 2201, which is procedural and confers an additional remedy only in cases where federal courts already have jurisdiction. Skelly Oil Co. v. Phillips Co., 1950, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; Hanes v. Pace, 1953, 92 U.S.App.D.C. 131, 133, 203 F.2d 225, 228.

After appellee had filed his motion to dismiss, appellant sought, but the trial court denied, leave to amend its complaint to charge conspiracy between the Secretary of State and the Secretary of the Treasury to accomplish the reduction in tariffs of which appellant had already complained. Appellant's motion was properly denied. Kansas City Power & Light Company v. McKay, 1955, 96 U.S.App.D.C. 273, 225 F.2d 924, certiorari denied, 1955, 350 U.S. 884, 76 S.Ct. 137.

The judgment of the District Court is Affirmed.