NEW YORK & CUBA MAIL STEAM-
SHIP COMPANY, Appellant,

v.

Sinclair WEEKS, Secretary of Commerce,
et al., Appellees.

No. 14002.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 9, 1958.

Decided April 3, 1958.

Mr. Martin J. McNamara, Jr., Washington, D. C., for appellant. Mr. Francis Rosenbaum, Washington, D. C., also entered an appearance for appellant.

Mr. Bernard Cedarbaum, Attorney, Department of Justice, with whom Asst. Atty. Gen. George C. Doub and Mr. Morton Hollander, Attorney, Department of Justice, were on the brief, for appellees. Mr. Melvin Richter, Attorney, Department of Justice, at the time record was filed, also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This case presents problems similar to those involved in National Enforcement Commission v. Slim Olson, Inc., 1955, 95 U.S.App.D.C. 218, 221 F.2d 92.

The plaintiff-appellant, which conducted its shipping business under an operating-differential subsidy contract with the Maritime Commission, filed this action for a mandatory injunction and declaratory judgment against the appellees. The complaint sought a ruling that the plaintiff had expended the amount of $1,161,407.48 for the purchase and reconstruction of two ships, the SS Oriente and the SS Siboney, for use in its subsidized operations on an essential foreign-trade line or route, and that it is entitled to reimburse its capital funds in that amount out of its capital reserve fund. The District Court dismissed the complaint for lack of jurisdiction, on the ground that the only benefit to be derived from the relief sought would be a reduced tax liability, and that decision on the questions presented should be left to the tax authorities and the tribunals given jurisdiction to determine tax controversies. Reference is made to the District Court's opinion, 1957, 151 F.Supp. 162, for a discussion of the facts and issues involved.

We agree that the complaint was properly dismissed. Cf. National Enforcement Commission v. Slim Olson, Inc., supra. We add, however, that we do not consider that the action taken by the Maritime Administrator was a determination by him that for tax purposes under the inter-company arrangements here the amount of $1,161,407.48 is not to be considered as an expenditure chargeable to plaintiff's reserve fund for the acquisition and reconstruction of the two ships used in the subsidized service. Nor do we find anything in the statute [1] or the Administrator's regulations [2] which would purport to authorize the Administrator to make any such determination binding upon the tax authorities or the courts. Indeed, the Government's brief in this court states that the Administrator's action on a matter of this kind will not bind the Internal Revenue Service or any court or tribunal called upon to review the Service's disallowance of a tax deduction, if it should make such a disallowance.

The order of the District Court is Affirmed.

---

1. See 46 U.S.C.A. § 1177(b), (d), and (h).

2. See 46 C.F.R. § 286.1(b) (2) and (3) (1954).