■ In the Matter of OSCAR OLIVIERI, an infant, by JOSEFINA R. OLIVIERI, His Guardian ad Litem, Respondent, against NEW YORK CITY HOUSING AUTHOR-ITY, Appellant.— Order granting application unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of ARTHUR SACK, Appellant, against GLORIA ELMALEH, Respondent.— Appeal (1) from so much of an order entered May 14, 1959, dismissing a writ of habeas corpus, as conditions appellant's visitation rights upon the payment of an amount of support for the two minor children of the parties over and above the amount fixed in a separation agreement, and (2) from an order entered June 3, 1959 denying appellant's motion to resettle the order entered May 14, 1959 so as to recite therein certain exhibits which were before the court, and for other relief. Order entered May 14, 1959 modified by striking therefrom the word and figure " Sixty ($60.00) " and by substituting therefor the word and figure " Forty ($40.00) ". As so modified, order insofar as appealed from unanimously affirmed, without costs. In our opinion, there was no power in the court to increase the support payment for the minor children over and above the amount fixed in the separation agreement between the parties. (*People ex rel. Prior* v. *Prior,* 112 Misc. 208; *People ex rel. Klee* v. *Klee,* 202 App. Div. 592; *Matter of Derer,* 262 App. Div. 969; *Matter of Forbell* v. *Forbell,* 274 App. Div. 853.) Sections 30 and 30-a of the Children's Court Act contain the only provisions for compeling future support of minor children where a nonmarital proceeding is brought for that purpose outside the City of New York. Appeal from order entered June 3, 1959 dismissed, without costs, as academic. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of MICHAEL SAVINI, Appellant, against MANUEL W. LEVINE, as District Attorney of Nassau County, Respondent.— Appeal from an order of the County Court, Nassau County, denying an application for the remission of a forfeiture of bail (Judiciary Law, §§ 798–799a). Order affirmed, without costs. Appellant's son was on parole in New York after conviction in the State of Michigan, pursuant to an interstate parole compact. The money was deposited as bail to permit the release of appellant's son who had been arrested on a charge of violating the terms of his parole and of being a fugitive from justice. About 10 years after appellant's son jumped bail, his conviction in Michigan was declared to be invalid (*United States* v. *Jackson,* 250 F. 2d 349). Assuming, *arguendo,* that the one-year limitation for an application for the remission of a forfeiture set forth in section 598 of the Code of Criminal Procedure did not preclude the granting of the relief sought, we are of the opinion, nevertheless, that good cause was not shown why the forfeiture should be remitted (see, e.g., *People* v. *Continental Cas. Co.,* 301 N. Y. 79; *People* v. *Licenziata,* 230 App. Div. 358, affd. 256 N. Y. 534; *People* v. *Di Meo,* 181 App. Div. 893). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.