**NORTH AMERICAN CEMENT CORPO-
RATION et al., Appellants,**

v.

**Robert B. ANDERSON, Secretary of the
Treasury et al., Appellees.**

**No. 15745.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 26, 1960.

Decided Oct. 20, 1960.

---

Mr. James C. McKay, Washington, D. C., with whom Messrs. Donald Hiss, Washington, D. C., and Donald E. Claudy, Washington, D. C., were on the brief, for appellant.

Mr. Alan S. Rosenthal, Atty., Dept. of Justice, with whom Messrs. Oliver Gasch, U. S. Atty., and Edwin F. Rains, Asst. Gen. Counsel, and Mrs. Margaret Shea Coates, Atty., Dept. of the Treasury, were on the brief, for appellees Robert B. Anderson and Ralph Kelly. Mr. Carl W. Belcher, Asst. U. S. Atty., also entered an appearance for appellees Robert B. Anderson and Ralph Kelly.

Mr. Frank G. Parker, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Gerald B. Greenwald, Washington, D. C., was on the brief, for appellee The City Lumber Co. of Bridgeport, Inc.

Before EDGERTON, FAHY and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

Appellants, American cement manufacturers, asked the Secretary of the Treasury to investigate whether cement imported from Norway was being sold in this country at less than its fair value. If the Secretary answers such a question in the affirmative, and if the Tariff Commission then finds that an "industry in the United States is being or is likely to be injured", the Antidumping Act of 1921 provides for imposing upon the importer "a special dumping duty". 19 U.S.C.A. §§ 160(a), 161(a). The Secretary found that cement from Norway was not being or likely to be sold in the United States at less than its fair value. This left nothing for the Tariff Commission to decide.

Appellants sought declaratory and injunctive relief against the Secretary and the Commissioner of Customs. The District Court dismissed the complaint for lack of jurisdiction, on the ground that the plaintiffs had an adequate remedy in the United States Customs Court. 28 U.S.C. § 1340 excepts from the jurisdiction of the district courts "matters within the jurisdiction of the Customs Court."

Section 516(b) of the Tariff Act of 1930, as amended, 19 U.S.C.A. § 1516(b), provides that "The Secretary of the Treasury shall, upon written request by an American manufacturer, producer,

or wholesaler, furnish the classification of, and the rate of duty, if any, imposed upon, designated imported merchandise of a class or kind manufactured, produced, or sold at wholesale by him. If such manufacturer, producer, or wholesaler believes that the proper rate of duty is not being assessed, he may file a complaint with the Secretary, setting forth a description of the merchandise, the classification, and the rate or rates of duty he believes proper, and the reasons for his belief. * * * If dissatisfied with the decision of the Secretary, the complainant may file with the Secretary * * notice that he desires to protest the classification of, or rate of duty assessed upon, the merchandise. Upon receipt of such notice from the complainant, the Secretary shall cause publication to be made of his decision as to the proper classification and rate of duty and of the complainant's desire to protest * * * If the protest of the complainant is sustained in whole or in part by a decision of the United States Customs Court or of the United States Court of Customs and Patent Appeals, merchandise of the character covered by the published decision of the Secretary * * * shall be subject to classification and assessment of duty in accordance with the final judicial decision on the complainant's protest * * *." [1]

In Morgantown Glassware Guild v. Humphrey, we read 28 U.S.C. § 1583 as providing without limitation that " 'The Customs Court shall have exclusive jurisdiction to review on protest the * * * rate and amount of duties chargeable and as to all exactions of whatever character within the jurisdiction of the Secretary of the Treasury * * *.' " 98 U.S.App.D.C. 375, 376, 236 F.2d 670, 671. In Boston Wool Trade Ass'n v. Snyder,

we said: "It is clear that the controversy concerns the duty to be imposed upon certain imports. As such, it is within the exclusive jurisdiction of the Court of Customs and Patent Appeals." 82 U.S. App.D.C. 144, 145, 161 F.2d 648, 649. Even the question whether the Antidumping Act is constitutional has been held to be within the exclusive jurisdiction of the Customs Court. Horton v. Humphrey, D.C.D.C., 146 F.Supp. 819, affirmed, 352 U.S. 921, 77 S.Ct. 224, 1 L.Ed.2d 157.

Talbot v. Atlantic Steel Co., 107 U.S. App.D.C. 116, 275 F.2d 4, and Cotonificio Bustese v. Morgenthau, 74 App.D.C. 13, 121 F.2d 884, on which appellant relies, were suits to require administrative action, not to challenge its correctness.

Affirmed.

---

1. Appellants seek to avoid the effect of this legislation on the ground that it was not passed until after the Antidumping Act and § 210 of that Act, [19 U.S.C.A. § 169] gives the Customs Court and the Court of Customs and Patent Appeals the same jurisdiction "as in the case of appeals and protests relating to customs duties under existing law." We think "existing law" means law in force when merchandise is imported, not when the Antidumping Act was passed. This is also the view of the Court of Customs and Patent Appeals. United States v. Manahan Chemical Co., Inc., 23 C.C.P.A. (Customs) 332, 336.