James J. SAVINI, # 17122, Attica State Prison, Attica, New York, Plaintiff,

v.

The SHERIFF OF NASSAU COUNTY, and the Warden of Nassau County Jail, et al., Mineola, New York, Defendants.

No. 62-C-726.

United States District Court
E. D. New York.
Oct. 29, 1962.

James J. Savini, pro se.

Bertram Harnett, County Atty. of Nassau County, for defendants.

ZAVATT, Chief Judge.

The plaintiff, now incarcerated in the Attica State Prison, Attica, New York, seeks a declaratory judgment for the recovery from the defendant of the sum of $2,000 which amount represents a sum posted in lieu of bail by the plaintiff's father, Michael Savini, which was forfeited when the plaintiff failed to appear for an extradition hearing on December 29, 1947. The plaintiff sues as the assignee of his father who has assigned to the plaintiff all his right, title and interest of, in and to the money so posted.

On June 30, 1943, the plaintiff was convicted of rape in the State of Michigan and sentenced to a 7½ to 15 year term of imprisonment. On March 27, 1945, the plaintiff was released on parole from the Michigan Reformatory.

On November 7, 1947, the Department of Correction of the State of Michigan issued a parole violation warrant against the plaintiff charging that he had violated his parole on September 8, 1947. On November 19, 1947, the plaintiff was arrested in Nassau County, New York, as a fugitive from justice, and committed to the Nassau County Jail on November 24, 1947, to await an extradition hearing on December 19, 1947. Michael Savini, the plaintiff's father, posted $1,-000 in lieu of bail on November 26, 1947, and the plaintiff was released from custody to await the hearing. Before the scheduled date of the hearing,

the plaintiff moved from his former address without notifying his parole officer. On December 19, 1947, the Nassau County District Attorney applied to the Supreme Court of the State of New York, Nassau County, for remand of the plaintiff to the Nassau County Jail until the arrival of the Michigan authorities and for an increase in the amount of plaintiff's bail from $1,000 to $2,-000. The court ordered the plaintiff to be remanded to the Nassau County Jail and increased his bail to $2,000. On the same day the plaintiff's father posted the additional $1,000 and the plaintiff was again released from custody to await the extradition hearing, now rescheduled for December 29, 1947. On the scheduled hearing date the plaintiff failed to appear and the court accordingly directed that the $2,000 cash deposit in lieu of bail be forfeited pursuant to N.Y. Code of Crim.Proc. § 596.[1] What happened after the plaintiff's release on $2,-000 bail until his conviction in 1954 is not revealed and is not material.

In 1954 the plaintiff was convicted of robbery, second degree, in the County Court of Queens County, New York, and sentenced to a term of 7½ to 8 years in Sing Sing Prison under the Multiple Offender Law, N.Y.Penal Law, McKinney's Consol.Laws, c. 40, § 1941. The sentence as a second offender was based upon the plaintiff's 1943 Michigan rape conviction. On November 20, 1957, the United States Court of Appeals for the Second Circuit affirmed an order of the United States District Court for the Northern District of New York sustaining a writ of habeas corpus on the ground that the Michigan conviction was unconstitutional. United States ex rel. Savini v. Jackson, 250 F.2d 349 (2d Cir. 1957).

On December 4, 1958, by an order to show cause returnable in the County Court of Nassau County, New York, the plaintiff's father, Michael Savini, made an application pursuant to N.Y. Judiciary Law, McKinney's Consol.Laws, c. 30, §§ 798, 799–a[2] for an order "remitting and discharging the forfeiture for the appearance of James J. Savini, a defendant in a criminal proceeding", instead of making an application under N.

1. "§ 596. Deposit of money when forfeited, how disposed of
 "If, by reason of the neglect of the defendant to appear, as provided in section five hundred and ninety-three, money deposited instead of bail is forfeited, and the forfeiture be not discharged or remitted, as provided in sections five hundred and ninety-four and five hundred and ninety-seven, the county treasurer with whom it is deposited may at any time after the final adjournment of the court apply the money deposited to the use of the county."

2. "§ 798. Remitting fines and penalties and discharging recognizances
 "Upon the application of a person, who has been fined by a court, or of a person whose recognizance has become forfeited, or of his surety, the county court of the county in which the term of the court was held, where the fine was imposed, or the recognizance taken, may, except as otherwise prescribed in section seven hundred and ninety-nine; upon good cause shown, and upon such terms as it deems just, make an order, remitting the fine, wholly or partly, or the forfeiture

of the recognizance, or part of the penalty thereof; or it may discharge the recognizance. If a fine so remitted has been paid, the county treasurer, or other officer, in whose hands the money remains, must pay the same, or the part remitted, according to the order. Added L.1920, c. 938, § 5; amended L.1941, c. 290, § 33, eff. April 12, 1941."

"§ 799–a. Notice of application for remission and discharge and costs on remission
 "An application for an order, as prescribed in section seven hundred and ninety-eight, cannot be heard, until such notice thereof as the court deems reasonable, has been given to the district-attorney of the county, and until he has had an opportunity to examine the matter, and prepare to resist the application. And upon granting such an order, the court must always impose, as a condition thereof, the payment of the costs and expenses, if any, incurred in an 'action or special proceeding for the collection of the fine, or the penalty of the recognizance. Added L.1920, c. 938, § 5; amended L.1941, c. 290, § 38, eff. April 12, 1941."

Y.Code of Crim.Proc. § 598.[3] On March 9, 1959, this application was denied by the Nassau County Court and the order of that Court, denying the return of the sum posted in lieu of bail, was unanimously affirmed by the Appellate Division of the Supreme Court, Second Department. Savini v. Levine, 9 A.D.2d 771, 192 N.Y.S.2d 961 (2d Dept. 1959).

The defendant now moves, pursuant to Rule 12 of the Fed.R.Civ.P., to dismiss the plaintiff's action because of lack of jurisdiction of this Court over the subject matter and seeks summary judgment and judgment on the pleadings. The defendant contends that:

1. the court has no jurisdiction over the subject matter since there is no diversity of citizenship between the plaintiff and the defendant and the minimum jurisdictional amount for federal question jurisdiction is not alleged;

2. the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202,[4] does not confer jurisdiction on the federal courts where none otherwise exists;

3. there has been a complete prior adjudication of the issues presented in the New York State Courts;

4. plaintiff's action is barred by the statute of limitations, N.Y.Code of Crim.Proc. § 598.[5]

In opposition the plaintiff, appearing pro se, contends:

1. the New York State Courts have failed to give full faith and credit to the decision of the Second Circuit Court of Appeals adjudging his 1943 Michigan conviction unconstitutional;

2. the procedures followed in the state courts have denied him his property without due process of law;

3. the procedures followed in the state courts have denied him equal protection of the laws;

4. the doctrine of res judicata is not applicable because constitutional questions are here presented (which were not before the state courts);

5. the one year statute of limitations for actions to recover bail, N.Y.Code of Crim.Proc. § 598, is not applicable;

6. a declaratory judgment action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, is a proper means of obtaining the desired relief.

 The defendant is correct in pointing out that the court does not have jurisdiction under 28 U.S.C. § 1332[6] be-

3. "§ 598. Application for remission of forfeiture; how made and granted
"The application must be made within one year after the forfeiture of such undertaking or deposit is declared upon at least five days' notice to the district attorney of the county served with copies of the affidavits and papers on which it is founded, and can be granted only upon payment of the costs and expenses incurred in the proceedings for the enforcement of the forfeiture. As amended L. 1882, c. 360, § 1; L.1926, c. 478, § 2, eff. July 1, 1926."

4. Title 28 U.S.C. § 2201 provides:
"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

"§ 2202. Further relief
"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment. June 25, 1948, c. 646, 62 Stat. 964."

5. See footnote 3, supra.

6. "§ 1332. Diversity of citizenship; amount in controversy; costs
"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
"(1) citizens of different States;
"(2) citizens of a State, and foreign states or citizens or subjects thereof; and
"(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.
"(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Fed-

cause of the lack of diversity of citizenship between the parties and the absence of the requisite jurisdictional amount. Nor does the court have jurisdiction under 28 U.S.C. § 1331(a) [7] since the federal questions presented, if any, do not involve the requisite jurisdictional amount. The complaint is defective in that it fails to allege a "short and plain statement of the grounds upon which the court's jurisdiction depends", Fed.R.Civ. P. 8(a). While the complaint states " * * * that your petitioner respectfully invokes the jurisdiction of this Honorable Court by virtue of the provisions set forth in Section 274 of the Judicial Code (28 U.S.C.A. Sec. 400) * * * ", the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, under which plaintiff apparently seeks relief is only remedial and procedural in nature. It creates no substantive rights or duties and neither augments nor diminishes federal jurisdiction. Thus the Declaratory Judgments Act does not in itself grant any jurisdiction to the federal courts which they do not otherwise possess. E. g., Continental Bank & Trust Co. v. Martin, 112 U.S.App.D.C. 354, 303 F.2d 214, 215 (1962); Sigurdson v. Del Guerico, 241 F.2d 480 (9th Cir.1956); Morgantown Glassware Guild, Inc. v. Humphrey, 98 U.S.App.D. C. 375, 236 F.2d 670 (1956), cert. denied 352 U.S. 896, 77 S.Ct. 133, 1 L.Ed.2d 87 (1956). Viewed, however, in a light most favorable to the plaintiff jurisdiction might be found to exist under 28 U.S.C. § 1343(3) which states that the district courts have original jurisdiction of an action commenced by any person: "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." [8]

However, even if jurisdiction be admitted to exist the plaintiff is still not entitled to declaratory relief in this court. The purpose of the Declaratory Judgments Act is to avoid trying cases "piecemeal" and to afford an adequate, expedient and inexpensive remedy for declaring the rights and obligations of litigants in one action. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Although the Declaratory Judgments Act authorizes the granting of declaratory relief it may not be said that the courts must provide such a remedy in every case. The Declaratory Judgments Act confers a discretion on the court rather than an absolute right in a litigant. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). This discretion should be exercised with proper regard for orderly federal-state judicial relationships. Allstate Insurance Co. v. Charneski, 286 F.2d 238 (7th Cir.1960). It is well settled that the use of the declaratory judgment procedure, merely as a means to review decisions already made by the state courts,

eral courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

 * * * * *

7. "§ 1331. Federal question; amount in controversy; costs

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclu-

sive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

8. The mere allegation of a federal question may not automatically confer jurisdiction. It has been suggested that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

is improper. Shell Oil Co. v. Frusetta, 290 F.2d 689 (9th Cir.1961); National Cancer Hospital of America v. Webster, 251 F.2d 466 (2d Cir.1958), cert. denied 361 U.S. 824, 80 S.Ct. 71, 4 L.Ed.2d 68 (1959); Doby v. Brown, 232 F.2d 504 (4th Cir.1956), cert. denied 352 U.S. 837, 77 S.Ct. 57, 1 L.Ed.2d 55 (1956); H. J. Heinz & Co. v. Owens, 189 F.2d 505 (9th Cir.1951); McLain v. Lance, 146 F.2d 341 (5th Cir.1944); Island S.S. Lines, Inc. v. Glennon, 178 F.Supp. 292 (D. Mass.1959); " * * * even though it were authorized to render a declaratory judgment, which we leave undecided, such a court would not exercise such power to overturn a prior judgment of a state court of concurrent and competent jurisdiction between the same parties and involving the same questions. No litigant is entitled to two declarations of the same right" (McLain v. Lance, 146 F.2d 341, 346 (5th Cir.1944)). The conditions under which remission of forfeitures of sums deposited in lieu of bail will be granted in New York State is governed by statute.[9] The plaintiff's assignor applied to the County Court, Nassau County, New York, for remission of the forfeited $2,000 claiming that said court had no right to arrest the plaintiff, fix bail and hold him to answer to Michigan authorities for the violation of terms of parole fixed by a court whose conviction of the plaintiff was thereafter held to be unconstitutional; that, therefore, the plaintiff's assignor became entitled to remission of the sum posted by him as soon as the Michigan conviction was held to be unconstitutional by the Court of Appeals of this Circuit. The plaintiff's assignor submitted in support of his petition the affidavit of the plaintiff in which he alleged the same grounds for remission as his assignor and, incidentally, admitted that he willfully failed to appear before the said County Court on December 29, 1947. Plaintiff's assignor was represented by counsel in that proceeding. There the plaintiff's assignor could have but did not allege specifically that failure on the part of the County Court to remit the forfeiture would constitute a violation of the full faith and credit, the due process and the equal protection clauses of the Constitution of the United States. The order of the County Court, denying the application of plaintiff's assignor, was affirmed unanimously by the Appellate Division of the New York Supreme Court, Second Dept.:

" * * * Appellant's son was on parole in New York after conviction in the State of Michigan, pursuant to an interstate parole compact. The money was deposited as bail to permit the release of appellant's son who had been arrested on a charge of violating the terms of his parole and of being a fugitive from justice. About 10 years after appellant's son jumped bail, his conviction in Michigan was declared to be invalid (United States (ex rel. Savini) v. Jackson, 2 Cir., 250 F.2d 349). Assuming, *arguendo*, that the one-year limitation for an application for the remission of a forfeiture set forth in section 598 of the Code of Criminal Procedure did not preclude the granting of the relief sought, we are of the opinion, nevertheless, that good cause was not shown why the forfeiture should be remitted (see, e. g., People v. Continental Cas. Co., 301 N.Y. 79, 92 N.E.2d 898; People v. Licenziata, 230 App.Div. 358, 244 N.Y.S. 731, affirmed 256 N.Y. 534, 177 N.E. 129; People v. Di Meo, 181 App.Div. 893, 167 N.Y.S. 1118)." In re Savini v. Levine, 9 A.D.2d 771, 192 N.Y.S.2d 961 (2d Dept. 1959).

No appeal to the New York Court of Appeals was taken from this determination by the Appellate Division. Plaintiff alleges that, thereafter, his father assigned to him all of his right, title and interest of, in and to the said sum of $2,-000. Although the Sheriff of Nassau County denies this allegation, this Court will assume, for the purposes of this motion, that the plaintiff is such an assignee

9. See footnotes 2 and 3, supra.

and, therefore, stands in the shoes of his assignor.

Three years after this determination by the said Appellate Division, the plaintiff instituted this action. It is to be noted that the Appellate Division did not rule on the question as to whether or not the one year statute of limitations presented in § 598 of the N.Y.Code of Criminal Procedure applied to the §§ 798, 799–a of the N.Y. Judiciary Law application for remission made by the plaintiff's assignor some ten years or more after the declaration of the forfeiture. This Court, therefore, will not pass upon this question of state law.

■■■■ The plaintiff seeks to have this Court re-examine and determine questions of New York State law after his assignor has had his day in the said County Court and the said Appellate Division. It is immaterial that plaintiff's assignor did not, in so many words, raise in his petition the constitutional questions here raised by his assignee. For all that we know they may well have been raised on the argument of the application to the said County Court and the argument of the appeal to said Appellate Division. But assuming that they were not so raised, res judicata may be pleaded as a bar "not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930); United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476 (1904); Israel v. Wood Dolson Company, Inc., 1 N.Y.2d 116, 118, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956). Here the defendant, in effect, pleads res judicata in paragraph "Eighteenth" of its answer to the complaint. Such a defense is not limited to the parties to the prior action.

It extends to their privies. Although there is no generally prevailing definition of privity which can be automatically applied to all cases, 15 Ruling Case Law, section 488, it is abundantly clear that the defense of res judicata applies against an assignee as it does against his assignor. Tillman v. Nat. City Bank, 118 F.2d 631 (2d Cir.1941); cert. denied 314 U.S. 650, 62 S.Ct. 96, 86 L.Ed. 521; Application of Commercial Casualty Ins. Co., 257 App.Div. 536, 13 N.Y. S.2d 754 (3d Dept. 1939).

As to the plaintiff's contention that the courts of New York State failed to give full faith and credit to the decision of the Court of Appeals of this Circuit in United States ex rel. Savini v. Jackson, supra, it is to be noted that, in that case, the only issue determined was the unconstitutionality of plaintiff's conviction by the Michigan court.

■■■■ The plaintiff's contention that he has been denied equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States is entirely without merit. Nowhere does it appear nor does the plaintiff contend that, by denying the remission of the sum posted in lieu of bail, either the plaintiff's assignor or the plaintiff has been singled out or treated any differently than others whose bail has been forfeited for willful non appearance. See Griffin v. People of the State of Ill., 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891 (1956); Agnew v. City of Compton, 239 F.2d 226 (9th Cir.1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed. 2d 910 (1957).

Plaintiff's contention that he was denied due process of law by the failure of the state courts to give full faith and credit to the decision of the United States Court of Appeals in United States ex rel. Savini v. Jackson, supra, need not be discussed further in light of what has been said supra.

Plaintiff's further contention that he was denied due process by not being notified of the forfeiture while he was a

fugitive from justice is too frivolous to warrant any discussion.

Defendant's motion for summary judgment is granted. Settle an order on or before ten (10) days from the date hereof.