**Frank Edward SEPULVEDA, Appellant,**

v.

**The STATE OF COLORADO, Appellee.**

**No. 7732.**

United States Court of Appeals
Tenth Circuit.

July 28, 1964.

---

Arnold C. Wegher, Denver, Colo., for appellant.

John E. Bush, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., State of Colorado, on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

This is an appeal from an order dismissing an action brought by Sepulveda against the State of Colorado for a declaratory judgment under the Federal Declaratory Judgment Act (28 U.S.C. § 2201).

In his amended complaint, Sepulveda alleged that he was in the custody of the United States in the Federal Penitentiary at Leavenworth, Kansas; that on October 23, 1959, he was convicted in a state court of Colorado of unlawful possession of a narcotic drug and was sentenced to imprisonment in the Colorado Penitentiary; that such conviction was obtained by the use of evidence procured through an unlawful search and seizure; that such evidence was inadmissible under the decision of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); that he was released to federal authorities pursuant to an agreement between them and the State of Colorado, whereby such federal authorities agreed that when he was released from federal custody they would return him to the State of Colorado for incarceration under his state sentence.

He prayed for a declaratory judgment, adjudging that such conviction was obtained by the use of evidence procured in an unlawful search and seizure in violation of his federal constitutional rights and adjudging and directing that the State of Colorado "take such action necessary to  *  *  *  afford the Plaintiff the right to a new trial, to be conducted consistent with his Constitutional guarantees, or release all further claims to the person of the Plaintiff." The trial court held that in the exercise of his discretion he should deny the relief and dismiss the action.

Wholly apart from the question, not raised below, that this is an action against the State to which it has not consented, we are of the opinion that the order should be affirmed.

The trial court in his order recited that Sepulveda had not exhausted the state remedies still available to him, particularly the remedy granted by Rule 35(b) of the Colorado Rules of Criminal Procedure.

Rule 35(b) in part here material provides:

"A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the constitution or laws of Colorado or of the United States,  *  *  *  may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct it.  *  *  *  If the court finds  *  *  *  that the sentence imposed was illegal,  *  * or that there was a violation of the prisoner's constitutional rights of a sort not effectively subject to review on writ of error  *  *  *  the court shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate.  *  *  * "

Since Sepulveda had not exhausted the remedy provided for him by Rule 35(b), we think it clear that the trial court did not abuse his discretion in dismissing the action.

In placing our decision on this narrow ground, we do not imply that there might be a case where resort could be had to the Federal Declaratory Judgment Act to have determined the validity of a state

court judgment and sentence. Other courts have indicated the remedy would not be appropriate to secure such a determination in any case.[1]

Affirmed.

1. See: Savini v. Sheriff of Nassau County, E.D.N.Y., 209 F.Supp. 946, 950–951; Hurley v. Lindsay, 4 Cir., 207 F.2d 410, 411; Goss v. State of Illinois, 7 Cir., 312 F.2d 257, 259.