Walter KOCHER, Appellant,

v.

Henry FOWLER, Secretary of the Treasury et al., Appellees.

No. 20765.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 26, 1967.

Decided Dec. 29, 1967.

Certiorari Denied May 20, 1968.
See 88 S.Ct. 1805.

Mr. Harold J. Nussbaum, Washington, D. C., for appellant.

Mr. Howard J. Kashner, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellees. Messrs. Richard S. Salzman and J. F. Bishop, Attorneys, Department of Justice, also entered appearances for appellees.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

From the duties imposed on "[a]ll articles imported into the customs territory of the United States from outside thereof," [1] including "[a]rticles imported from insular possessions of the United States which are outside the customs territory of the United States," [2] the Customs Simplification Act of 1954 [3] exempted

" * * * all articles the growth or product of any such possession, or manufactured or produced in any such possession from materials the growth, product, or manufacture of any such possession * * * which do not contain foreign materials to the value of more than 50 per centum of their total value, coming into * * * the United States directly from any such possession * * *."[4]

[1]. 19 U.S.C. § 1202, General Headnote 1. The " 'customs territory of the United States' * * * includes only the States, the District of Columbia, and Puerto Rico." 19 U.S.C. § 1202, General Headnote 2.

[2]. 19 U.S.C. § 1202, General Headnote 3(a) (i).

[3]. 68 Stat. 1136 (1954).

[4]. 68 Stat. 1139 (1954), 19 U.S.C. § 1202, General Headnote 3(a) (i). We note, however, the fact, not involved in this appeal, that Congress, by an amendment of § 1202 effective January 1, 1967, has placed a quota on watches and watch movements with foreign-made compo-

And in 1959, the Bureau of Customs decided that

> "The assembly in the Virgin Islands into completed watch movements of various parts imported separately into that possession in circumstances not constituting an entirety results in articles manufactured or produced in that possession entitled to free entry"

if the statutory value requirements and pertinent regulations are met.[5] A thriving watch assembly industry has since developed in the Virgin Islands, nearly all of the output of which has been imported duty-free into the United States.[6]

Appellant, an importer of Swiss watches, challenges the Bureau's decision and the statute it purported to interpret. The decision, he says, effects an impermissible construction of the statute and an unconstitutional discrimination against watches and movements imported from foreign countries. The statute is assailed on the ground that it undertakes an unlawful delegation of legislative power.

Alleging injury in his business relations, appellant sought from the District Court an injunctive annulment of the Bureau's ruling and a declaration that the statute is invalid. The District Court dismissed his suit, being of opinion that appellant had no standing to bring it. We hold that the District Court lacked jurisdiction to entertain the action and accordingly affirm.

 Federal district courts "have original jurisdiction of any civil action arising under any Act of Congress providing for * * * revenue from imports or tonnage except matters within the jurisdiction of the Customs Court." [7] The Customs Court has "exclusive jurisdiction to review on protest the decisions of any collector of customs * * * as to the rate and amount of duties chargeable and as to all exactions of whatever character within the jurisdiction of the Secretary of the Treasury; * * *." [8] These provisions invest only the Customs Court with the jurisdiction to consider appellant's contentions.

In Eastern States Petroleum Corp. v. Rogers,[9] we held that only in the Customs Court may an importer seek relief from a levy of duties on his importations.[10]

nents which may enter the United States free of duty. Pub.L. 89–805, 89th Cong., 2d Sess., 80 Stat. 1521 (1966). See S. Rep. No. 1679, 89th Cong., 2d Sess. (1966); U.S.Code Congressional and Administrative News 1966, p. 4389; H.R. Rep. No. 1076, 89th Cong., 1st Sess. (1965).

5. T.D. 54,821(2), 94 Treas.Dec. 154 (1959).

6. "The largest of the industries which have sprung up in the possessions as a result of the 1954 change is the watch assembly industry. This industry was first established in the Virgin Islands late in 1959 and since then has shipped virtually its entire output of watches to the United States free of duty. * * * These watches are assembled from parts and subassemblies obtained principally from Japan, West Germany and France. An increasingly large volume of Soviet parts are also utilized in the assembly process. * * * The method of assembly used in the islands does not vary greatly from plant to plant. A concern usually obtains all parts for a particular type of move-

ment from the same foreign supplier; the parts are received both as unassembled parts and as subassemblies. Generally the major share of the parts are already assembled. The subassemblies and other parts are assembled into a complete movement which is then sold in the United States either to a parent organization or to retailers of private brands or other importers at prices ranging from $4 to $8 per movement * * *." S.Rep.No. 1679, 89th Cong., 2d Sess. 3, 4 (1966); U.S.Code Congressional and Administrative News 1966, p. 4392. See also H.R. Rep. No. 1076, 89th Cong., 1st Sess. 2 (1965).

7. 28 U.S.C. § 1340.

8. 28 U.S.C. § 1583.

9. 108 U.S.App.D.C. 63, 280 F.2d 611, cert. denied 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960).

10. See 19 U.S.C. §§ 1514, 1515. See also Patchoque-Plymouth Mills Corp. v. Durning, 101 F.2d 41, 43–44 (2d Cir. 1939); Cottman Co. v. Dailey, 94 F.2d 85, 88 (4th Cir. 1938).

That court's jurisdiction is not ousted by appellant's effort to draw the statute into controversy,[11] or by his presentation of constitutional issues for resolution.[12] We understand, however, that appellant prefers an order requiring the imposition of duties on watches and movements his competitors import from the Virgin Islands [13] rather than a ban against the assessment of duties on the watches he imports from Switzerland. But as we concluded in Boston Wool Trade Ass'n v. Snyder,[14] an importer's action to compel the Secretary of the Treasury to instruct customs officials to collect duties on imported commodities falls exclusively within the purview of the Customs Court.[15] We think it clear that appellant must make his plea there.

Affirmed.

11. Horton v. Humphrey, 146 F.Supp. 819 (D.D.C.) aff'd 352 U.S. 921, 77 S.Ct. 224, 1 L.Ed.2d 157 (1956).

12. Eastern States Petroleum Corp. v. Rogers, *supra* note 9, 108 U.S.App.D.C. at 65, 280 F.2d at 613; North American Cement Corp. v. Anderson, 109 U.S.App. D.C. 162, 163, 284 F.2d 591, 592 (1960); Morgantown Glassware Guild v. Humphrey, 98 U.S.App.D.C. 375, 376–377, 236 F.2d 670, 671–72, cert. denied, 352 U.S. 896, 77 S.Ct. 133, 1 L.Ed.2d 87 (1956).

13. Although appellant did not specifically ask for this relief in the original or the amended complaint, we gather from the record that this request somehow crept into the proceedings under review. And by brief in this court, appellant tells us that he "does not ask a reduction in the tax he pays but he asserts the invalidity of the Treasury Decision in order to require the imposition of like taxes on competitor importers. * * *"

14. 82 U.S.App.D.C. 144, 161 F.2d 648 (1947).

15. See also North American Cement Corp. v. Anderson, *supra* note 12.